810 P.2d 255

Mark A. OLGUIN, an incapacitated person, and Dora Malaxechevarria, conservator for Mark A. Olguin, Plaintiffs–Appellants,

v.

CITY OF BURLEY, John Banks and Robert Nay,
Defendants–Respondents,

and

Barton J. Webster, Mike Shears, and John and Jane Does I–X,
Defendants.

No. 18374.

Supreme Court of Idaho,
Twin Falls, October 1990 Term.

March 5, 1991.
Rehearing Denied May 28, 1991.

Churchill & Vander Boegh, Boise, for plaintiffs-appellants. Douglas L. Vander Boegh, argued.

Parsons, Smith, Stone & Fletcher, Burley, for defendants-respondents. William Parsons, argued.

JOHNSON, Justice.

This is a tort claims case. The issue presented is whether police officers who do not arrest a person they have reason to believe is intoxicated may be held liable to another person who is injured when the intoxicated person subsequently drives a vehicle and causes an accident. We hold that under the facts presented on a motion for summary judgment in this case, the trial court was correct in dismissing the injured person's claims against the law enforcement officers and the city that employed them.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS.

In the early morning hours of June 22, 1986, Barton Jay Webster sought to file a complaint at the city-county law enforcement building in Burley, Idaho against a bouncer at a local bar who had struck Webster in the nose. Officers Robert Nay and John Banks of the Burley City Police Department were in the dispatch area at the time Webster made this attempt. Officer Nay advised Webster to seek medical attention before filing a complaint. Officer Nay suspected that Webster had been drinking and told Webster that if he had been drinking, he should not drive. The officer said that an ambulance could be called. Webster stated that he did not need an ambulance and left the police station.

Webster then apparently drove to the hospital in Burley where he was treated for a nose injury. The doctor who treated Webster concluded that Webster was too intoxicated to drive and called the police. Officers Nay and Banks were dispatched to the hospital. When the officers arrived at

the hospital, the doctor advised them that Webster was too intoxicated to drive and delivered to the officers the keys to Webster's vehicle. The officers advised Webster not to drive and suggested to him that he have someone come and pick him up. Webster said he would have someone come and drive him home. The officers returned Webster's keys to him and departed in response to another call.

Shortly after the officers left, Webster entered his vehicle and drove away. Less than an hour later, the vehicle Webster was driving collided with an automobile in which Mark A. Olguin was a passenger. Olguin received a serious head injury.

Olguin's mother, acting as his guardian, sued the City of Burley and Officers Nay and Banks, alleging:

1. Webster was driving under the influence of alcohol at the time of the accident.
2. The returning of Webster's keys to Webster by Officers Nay and Banks and allowing him to drive:
   a. was negligent, grossly negligent, knowing, willful, and in reckless disregard of the duty the officers owed to Olguin; and
   b. failed to conform to accepted police standards, practices and procedures.
3. The conduct of Officers Nay and Banks was the proximate cause of Olguin's injuries.

The City of Burley and Officers Nay and Banks moved for summary judgment, requesting the trial court to dismiss the complaint on the grounds that (1) I.C. § 6–918 (a portion of the Idaho Tort Claims Act) provided immunity to the city and the officers, (2) the officers had no duty to arrest Webster, and (3) the officers had no legal right to control either Webster's keys or his vehicle. Initially, the trial court denied the motion on the ground that the city and the officers were not immune.

The city and the officers moved for reconsideration of the trial court's denial of the motion for summary judgment. On reconsideration, the trial court granted summary judgment dismissing the complaint against the city and the officers on the grounds that Officers Nay and Banks did not have the right to control Webster's keys. The trial court distinguished *Ransom v. Garden City*, 113 Idaho 202, 743 P.2d 70 (1987) on the grounds that the officer in that case had the right to control the vehicle in question as a result of a lawful arrest of the owner. Olguin appealed the summary judgment.

## II.

### THE OFFICERS DID NOT HAVE A DUTY TO ARREST WEBSTER.

Olguin asserts that the officers had a duty to arrest Webster and gain control of his vehicle and his keys. We disagree.

■ In considering a motion for summary judgment requesting dismissal of a complaint against a governmental entity and its employees under the Idaho Tort Claims Act, the trial court has three questions to answer:

1. Is recovery sought on the basis of an alleged tort that exists under the laws of Idaho?
2. If so, as a matter of law, does an exception to liability found in the Tort Claims Act shield the alleged misconduct from liability?
3. If no exception applies, do the merits of the claim as presented for consideration on the motion for summary judgment entitle the moving party to dismissal?

*Walker v. Shoshone County*, 112 Idaho 991, 995, 739 P.2d 290, 294 (1987).

The facts in *Ransom* were somewhat similar to the facts in this case. In *Ransom*, persons who were injured in an automobile accident caused by an intoxicated driver alleged that a police officer had negligently entrusted the vehicle keys to the intoxicated driver. This occurred after the officer had arrested the owner of the vehicle for driving under the influence. Before leaving for the police station, the owner expressed apprehension that his vehicle would be impounded. The officer determined that a person who had been a passenger in the vehicle was also under the

influence and should not drive. At the owner's request, the officer gave the keys to the passenger, instructing the passenger not to drive the vehicle, but to call friends. The officer then departed with the owner in custody. Later, the passenger drove the vehicle and collided with the automobile occupied by the injured persons.

■ In *Ransom*, the first question for consideration in ruling on the motion for summary judgment was answered yes. The same answer applies in this case. There is a tort of negligence in Idaho. Negligent entrustment is nothing more than a particularized application of the general tort principles contained in the concept of negligence. 113 Idaho at 206–08, 743 P.2d at 74–76.

In *Ransom*, the second question was answered no. *Id.* at 206, 743 P.2d at 74. The same answer applies in this case.

The distinction between *Ransom* and this case arises in answering the third question. In *Ransom*, the city argued that the police officer was not negligent because the officer did not own or control the vehicle in question. In rejecting this argument, this Court held:

> The officer seized control of the vehicle when he arrested its driver and retained the keys.... [H]e possessed statutory authority to dispose of the vehicle. If the driver or the passenger had requested the keys, the officer was not bound to comply. He was not a bailee.... When [the owner] was arrested, the officer was the only person who had control over [the owner's] vehicle. It is the legal right to "control" the thing entrusted which gives rise to the duty in negligent entrustment cases, and this right to "control" is not limited to those who hold absolute title. Here, the officer had a right to "control" the vehicle by virtue of I.C. § 49–692(3) [now I.C. § 49–662(3)].
> ....
> Where a person has a right to control a vehicle, he must exercise ordinary care and not permit another to use it in circumstances where he knows or should foreseeably know that such use may cre-

ate an unreasonable risk of harm to others.

*Id.* at 207–08, 743 P.2d at 75–76 (citations omitted).

I.C. § 49–662(3) provides:

> Any peace officer is authorized to remove or cause to be removed to the nearest garage or other place of safety any vehicle found upon a highway when:
> (a) A report has been made that the vehicle has been stolen or taken without the consent of its owner, or
> (b) The person or persons in charge of the vehicle are unable to provide for its custody or removal, or
> (c) The person driving or in control of the vehicle is arrested for an alleged offense for which the officer is required by law to take the person arrested before a proper magistrate without unnecessary delay.

Acknowledging that Officers Nay and Banks had not arrested Webster, Olguin argues that the officers had a duty to arrest Webster and to gain control of his vehicle and the keys to the vehicle. Olguin advances three statutes in support of this argument:

> A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person:
> 1. For a public offense committed or attempted in his presence.

I.C. § 19–603(1).

> The policemen of every city, should any be appointed, shall have power to arrest all offenders against the law of the state, or of the city, by day or by night, in the same manner as the sheriff or constable.....

I.C. § 50–209.

> It shall be the duty of peace officers within the State of Idaho to enforce and make arrests for the violation of the provisions of [Title 49, Idaho Code] without the necessity of procuring a warrant.....

I.C. § 49–205(3).

■ None of these statutes imposes a duty on a police officer to arrest a person who is intoxicated, who possesses keys to a

vehicle the person might drive, and who has not committed some other crime for which the officer might arrest the person. I.C. §§ 19–603(1) and 50–209 merely empower an officer to arrest. They do not require the officer to arrest. I.C. § 49–205(3) might be read to require peace officers to arrest those who have violated the provisions of Title 49, Idaho Code. Even assuming that the officers had probable cause to arrest Webster for driving to the hospital while under the influence, an issue we do not decide, the crime of driving under the influence is not covered by I.C. § 49–205(3), since this crime is found in Title 18, Idaho Code. We have been directed to no violation of the provisions of Title 49 for which the officers could have arrested Webster.

Since Officers Nay and Banks did not have the power to control Webster's vehicle and his keys, the officers did not breach any duty they had to Olguin by returning Webster's keys to him.

### III.

### CONCLUSION.

We affirm the summary judgment of the trial court.

We award costs to the City of Burley and the officers on appeal.

BAKES, C.J., and BOYLE and McDEVITT, JJ., concur.

BISTLINE, Justice, dissenting.

The facts in this case cannot be satisfactorily distinguished from the facts in *Ransom v. Garden City*, 113 Idaho 202, 743 P.2d 70 (1987). *Ransom*, if properly applied, would control the outcome in this case. Hence, the summary judgment should be reversed, and the cause remanded for a trial at which *a jury* would decide whether a police officer can arbitrarily, but with absolute immunity and impunity, forsake his sworn obligation to uphold the law when, as happened here, he is presented with clear and convincing evidence that he is loosing upon the public an outright menace. Nothing in the law provides or requires that judges alone are empowered to make such a decision to the exclusion of the right of trial by jury.