32 P.3d 669

In the Matter of the Estates of Frank Jemmett and Frances M. Jemmett, Deceased.

Dolly JEMMETT, Petitioner–Respondent,

v.

Josephine MCDONALD, Respondent–Appellant.

No. 26395.

Supreme Court of Idaho, Boise, February 2001 Term.

Aug. 7, 2001.

Dillion, Bosch, Daw, Bock, Chtd., Boise, for appellant. Leslie M. Bock argued.

Saetrum Law Offices, Boise, for respondent. Stephen T. Woychick argued.

WALTERS, Justice.

This is an appeal in an action to set aside a deed to real property on the ground of undue influence, and to quiet title to the property in the estates of the now-deceased grantor and his wife (who was one of the grantees and who also is now deceased). After a trial, a magistrate held that although undue influence was not proved, neither did the surviv-

ing grantee convincingly establish that title to the property had passed to her as a gift. The magistrate concluded that the deed was void and entered judgment quieting title in the estates of the grantor and his wife. On an intermediate appeal, the district court held that the action was barred by the applicable statute of limitation, and reversed the magistrate's judgment. Upon further appeal by the estates, we reach the same conclusion as the district court, and we remand the case to the magistrate division for the entry of a judgment in favor of Dolly Jemmett, the surviving grantee, dismissing the action.

## FACTS AND PROCEDURAL BACKGROUND

In 1938, Frank Jemmett acquired title from his father to a parcel of land in Ada County located at 7585 W. Charters Road in Melba, Idaho (hereinafter the "farm property"). Frank later married and built a log home on the farm property, where he and his wife, Frances, continued to live and raise a family of four children.

In 1971, Frank executed a warranty deed conveying his sole interest in the farm property to Frances and to his older daughter, Dolly Jemmett, as joint tenants with right of survivorship. Frank retained a life estate in the farm property, which was extinguished when Frank died in November of 1979 at the age of seventy-four. Frances Jemmett died in 1995, at which time, Dolly Jemmett asserted ownership of the farm property as the surviving joint tenant named in the 1971 deed from her father.

Dolly's sister, Josephine (Josie) McDonald, petitioned the district court for formal adjudication of the intestate estates of Frank Jemmett and Frances Jemmett. Early in 1998, testamentary orders were issued naming Josie personal representative of the estates. Josie then filed a petition to set aside the joint tenancy deed, alleging that Dolly had exercised undue influence and fraud in getting their father to name her as a grantee of the farm property, which was the Jemmetts' only significant asset. In the petition, Josie prayed for reformation of the deed, the

setting aside and voiding of Dolly's purported joint tenancy interest in the farm property, and for quiet title to the farm property in the name of the estates.

The matter was tried to the court on September 8, 1998, after which the parties submitted post-trial briefs and supplemental affidavits. On May 21, 1999, the magistrate entered findings of fact and conclusions of law. The magistrate reasoned that the deed effectively disinherited three of the four Jemmett children (erroneously concluding that two of the children were minors at the time the deed was executed) and that this was not the intent of the grantor. After weighing the evidence, the magistrate determined that Frank Jemmett did not intend to give the farm property to Dolly; however, the magistrate concluded that the petitioner had not proven her claim of undue influence. Applying a clear and convincing standard of proof of a gift of personal property in joint tenancy derived from *In re Bogert's Estate*, 96 Idaho 522, 531 P.2d 1167 (1975), the magistrate concluded that Dolly had failed to prove a gift. The magistrate therefore held the joint tenancy provision of the deed to be void and quieted title to the farm property in the estates.

Dolly appealed to the district court, which reversed the decision of the magistrate. The district court concluded that any action upon the 1971 deed had to have been brought no later than three years after notice of the deed was given by its recording in the Ada County recorder's office on August 3, 1971, or at least by 1984 which was three years after Josie was told personally by her mother about the conveyance executed by Frank prior to his death in 1979. However, even though the district court concluded that the statute of limitation bar was dispositive, the district court went on to reject the magistrate's extension of *In re Bogert's Estate*, which dealt with community personal property that was mutually changed by the husband and wife to a joint tenancy with right of survivorship, to this case involving separate real property.[1] The district court held that

---

1. The magistrate misapprehended the effect of this Court's ruling in *Bogert's Estate* when he

held that Dolly Jemmett was required to show the creation of a joint tenancy by clear and

the language of the deed was clear and unambiguous, and thus the admission of parol evidence to contradict or explain the deed was error. The district court determined that judgment should be entered in favor of Dolly on the basis that the claim filed in 1998 was barred by the statute of limitation.

Josie appeals from the district court's decision, seeking reinstatement of the magistrate's decision. Dolly submits in response that the district court correctly held that the action was barred by the statute of limitation and she requests an award for attorney fees incurred by her with respect to this appeal.

## ANALYSIS

 As a preliminary matter, we note our standard of review. When reviewing a case decided in the magistrate division that has been appealed to the district court, the Supreme Court reviews the magistrate's decision independently of, but with due regard for, the district court's intermediate appellate decision. *Post Falls Trailer Park v. Fredekind*, 131 Idaho 634, 962 P.2d 1018 (1998); *In re Estate of Kirk*, 127 Idaho 817, 907 P.2d 794 (1995). If the magistrate's findings of fact are supported by substantial and competent evidence, we will uphold those findings on appeal. *Ausman v. State*, 124 Idaho 839, 864 P.2d 1126 (1993). However, an appellate court will freely review questions of law. *Clements Farms, Inc. v. Ben Fish & Son*, 120 Idaho 185, 188, 814 P.2d 917, 920 (1991). The time when a cause of action accrues may be a question of law or a question of fact, depending upon whether any disputed issues of material fact exist. *Reis v. Cox*, 104 Idaho

434, 660 P.2d 46 (1982). Where there is no dispute over any issue of material fact regarding when the cause of action accrues, the question is one of law for determination by the court. *Id.*

 The right to contest a deed on grounds of duress, fraud or undue influence is subject to a three-year statute of limitation, I.C. § 5–218. *See In re Lundy's Estate*, 79 Idaho 185, 312 P.2d 1028 (1957). An action for relief on the ground of fraud or mistake must be filed within three years of the discovery, by the aggrieved party, of the facts constituting the fraud or mistake. I.C. § 5–218(4). The statute of limitation does not begin to run against an action based upon fraud until the plaintiff in the exercise of proper diligence discovers the facts constituting the fraud. *Ryan v. Old Veteran Mining Co.*, 37 Idaho 625, 218 P. 381 (1923).

 The procedural facts relevant to this matter are as follows. The challenged warranty deed was executed on July 1, 1971, and recorded on August 3, 1971. Josie testified that her mother first spoke with her in 1980 about the deed conveying Frank Jemmett's interest in the farm property to Frances Jemmett and Dolly Jemmett as joint tenants with right of survivorship. Josie filed the action to set aside the deed in 1998, within three years of the death of her mother, Frances Jemmett, when the Jemmett heirs first allegedly suffered damages as a result of Dolly becoming the fee owner of the farm property as the surviving joint tenant. Notwithstanding Dolly's assertion that the action was barred by the statute of limitation, the

convincing evidence. In *Bogert's Estate*, this Court held that spouses could transmute community property in the form of a stock brokerage account into a joint tenancy with right of survivorship, but that the intent to do so must be shown by clear and convincing evidence. We explained that with such a transmutation, each spouse made a gift of his or her share of the community property to the other and each would receive as a gift in return a separate property interest in the joint tenancy. *Id.* Unlike *Bogert's Estate*, however, the property transferred by Frank Jemmett's deed was his separate property over which he maintained full management, control and absolute power of disposition. *See* I.C. §§ 32–903, –904. The effect of the deed from Frank Jemmett was not to change the separate

character of the farm property into community property, *see Stockdale v. Stockdale*, 102 Idaho 870, 643 P.2d 82 (Ct.App.1982) (although a husband or wife may elect at any time to change the character of his or her property from separate to community, they may do so only in the manner provided by Idaho statutes, including I.C. §§ 32–917—32–919, by engaging in certain formalities), but for Frank to divest himself of title in favor of the grantees, his wife and his daughter, Dolly, while reserving to himself a life estate in the property. Furthermore, *Bogert's Estate* has never been applied to real property transfers that must adhere to stringent statutory requirements for creating a valid deed. Therefore, *Bogert's Estate* is not controlling authority in this case.

magistrate failed to definitively rule on that issue but instead proceeded to decide the case on its merits. At the trial, Josie's allegation of fraud was not pursued evidentially, and the magistrate found from the evidence that undue influence had not been proved.

It appears from the record that there are three possible dates upon which the running of the statute of limitation could have commenced in this case; the date when the deed was recorded in 1971; the date of Frank Jemmett's death in 1979; and the date of the conversation in 1980 when Josie said she first learned of the existence of the deed. All of these dates were more than three years prior to the date in 1998 when this action was filed to set aside the deed that granted Dolly Jemmett a joint tenancy interest in the farm property. Accordingly, this Court holds that the action was brought beyond the three-year limitation of I.C. § 5–218 and should not have been decided on the merits by the magistrate.

### CONCLUSION

We reverse the magistrate's decision holding the joint tenancy provision of the deed to be void. We remand this case to the magistrate division for entry of judgment in favor of Dolly Jemmett dismissing the action because it was foreclosed by the statute of limitation. We are not left with the abiding belief that the appeal was brought frivolously, unreasonably and without foundation, and we decline to grant Dolly Jemmett's request for an award of fees on appeal. *See Bowles v. Pro Indiviso, Inc.,* 132 Idaho 371, 973 P.2d 142 (1999); *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979); I.C. § 12–121. Costs on appeal are awarded to Dolly Jemmett.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN concur.