# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38933

JUSTIN S. REYNOLDS and S. KRISTINE
REYNOLDS; and SUNRISE
DEVELOPMENT, LLC,

    Plaintiffs-Appellants,

v.

TROUT JONES GLEDHILL FUHRMAN,
P.A.; and DAVID T. KRUECK, individually
and in his capacity as a member of the
defendant law firm.

    Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, December 2012 Term

2013 Opinion No. 7

Filed:  January 23, 2013

Stephen Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of
Idaho, Ada County.  Hon. Richard D. Greenwood, District Judge.

The decision of the district court is <u>affirmed</u>.

Lojek Law Offices, Chtd., Boise, for appellants.  Donald W. Lojek argued.

Hawley Troxell Ennis & Hawley, LLP, Boise, for respondents.  Michelle R.
Points argued.

_____

HORTON, Justice.

    Justin S. Reynolds, Kristine Reynolds, and their construction company, Sunrise
Development, LLC (collectively, Reynolds) brought a malpractice action against their law firm,
Trout Jones Gledhill Fuhrman, P.A., and its attorney-employee, David T. Krueck (collectively,
Trout Jones). Reynolds alleged professional negligence in both the drafting of a real estate
agreement between Reynolds and Quasar Development, LLC (Quasar), and in the subsequent
handling of the litigation regarding that agreement. The district court granted summary judgment
in favor of Trout Jones, holding that the two-year statute of limitations found in Idaho Code § 5-
219(4) applied to bar the action and Reynolds timely appealed. We affirm.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July of 2006, Reynolds and Quasar entered into a real estate agreement (Agreement) in which Reynolds agreed to purchase certain real property in Ada County, Idaho, commonly known as Dunham Place (the Property), from Quasar. David T. Krueck, a member of Trout Jones, represented Reynolds in the transaction. Pursuant to the Agreement, Reynolds deposited $60,000 as earnest money to be applied to the purchase price of the Property if the transaction closed under the terms of the Agreement.

The Agreement, at paragraph 7(a), provided that if Quasar did not record a final plat for the Property by July 31, 2007, Reynolds had the option to terminate the Agreement and "obtain a full refund of the Earnest Money without any further obligations under the terms of this Agreement." When that date passed without a plat being recorded, Trout Jones sent a letter to Quasar on behalf of Reynolds terminating the Agreement and demanding a refund of the $60,000. Quasar did not refund the earnest money. Trout Jones made several other unsuccessful attempts to obtain the refund and finally, on September 25, 2007, filed an action on behalf of Reynolds to recover the earnest money. Reynolds moved for summary judgment and the district court entered an order on that motion on March 11, 2008. In its order, the district court determined that paragraph 7(a) of the Agreement required Quasar to refund the entire $60,000 and granted Reynolds's motion regarding the amount. However, the court held that the Agreement only required payment within a reasonable time and that determination of a reasonable time for payment was a question of fact for the jury. Reynolds and Quasar eventually reached a settlement in which Quasar stipulated to a judgment in Reynolds's favor for $60,000. However, Quasar subsequently entered into bankruptcy proceedings and never repaid the earnest money.

Reynolds brought an action against Trout Jones for professional negligence on March 9, 2010. Trout Jones moved for summary judgment and the district court granted the motion from the bench on the ground that the statute of limitations found in Idaho Code § 5-219(4) barred the action. Reynolds moved for an altered or amended judgment, and a second hearing was held on April 25, 2011. The district court again ruled that the statute of limitations barred the action and an amended judgment against Reynolds was entered on May 27, 2011.

## II. STANDARD OF REVIEW

This Court exercises *de novo* review of appeals from an order of summary judgment, "and this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment." *Taylor v. McNichols*, 149 Idaho 826, 832, 243 P.3d 642, 648 (2010) (quoting *Curlee v. Kootenai Cnty. Fire & Rescue,* 148 Idaho 391, 394, 224 P.3d 458, 461 (2008)). Under that standard, summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "If there is no genuine issue of material fact, only a question of law remains, over which this Court exercises free review." *Cristo Viene Pentecostal Church v. Paz,* 144 Idaho 304, 307, 160 P.3d 743, 746 (2007).

The moving party has the burden of proving that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Indian Springs LLC v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 746, 215 P.3d 457, 466 (2009) (citing *Cafferty v. Dep't of Transp., Div. of Motor Vehicle Servs.,* 144 Idaho 324, 327, 160 P.3d 763, 766 (2007)). "This Court liberally construes all disputed facts in favor of the non-moving party, and all reasonable inferences drawn from the record will be drawn in favor of the non-moving party." *Id.* (citing *Cristo Viene,* 144 Idaho at 307, 160 P.3d at 746). However, "I.R.C.P. 56(e) provides that the adverse party may not rest upon mere allegations in the pleadings, but must set forth by affidavit specific facts showing there is a genuine issue for trial." *Curlee*, 148 Idaho at 394-95, 224 P.3d at 461-62 (quoting *Rhodehouse v. Stutts,* 125 Idaho 208, 211, 868 P.2d 1224, 1227 (1994)).

"The date for when a cause of action accrues may be a question of fact or law." *C & G, Inc. v. Canyon Highway Dist. No. 4*, 139 Idaho 140, 142, 75 P.3d 194, 196 (2003) (citing *Jemmett v. McDonald,* 136 Idaho 277, 279, 32 P.3d 669, 671 (2001)). However, "[i]f no disputed issues of material fact exist, when a cause of action accrues is a question of law for determination by this Court." *Id.*

## III. ANALYSIS

**A. The statute of limitations bars Reynolds's claim for professional negligence.**

Reynolds argues that the question of when damages accrue for purposes of a professional malpractice claim is a question of fact that should not have been decided on summary judgment. Alternatively, Reynolds contends that the earliest date that damages could have accrued is March

3

11, 2008, the date of the district court's decision in the underlying litigation, because at that time the litigation could still have been resolved in a way that would leave Reynolds undamaged. Thus, he argues, there was no objectively ascertainable damage at that point, only the risk of damage. Trout Jones replies that there are no disputed material facts and that the risk of damage is irrelevant because actual damage accrued when Quasar refused Reynolds's demand to refund the earnest money and when Reynolds incurred attorney fees in the effort to recover the refund.

"An action to recover damages for 'professional malpractice' must be commenced within two years after the cause of action has accrued." *Stuard v. Jorgenson*, 150 Idaho 701, 704, 249 P.3d 1156, 1159 (2011) (footnote omitted) (quoting *Conway v. Sonntag,* 141 Idaho 144, 146, 106 P.3d 470, 472 (2005)); I.C. §§ 5-201, -219(4)). Idaho Code § 5-219 provides that "the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom or any continuing professional or commercial relationship between the injured party and the alleged wrongdoer . . . ." However, under our interpretation of section 5-219(4), a cause of action "cannot accrue until some damage has occurred. *City of McCall v. Buxton*, 146 Idaho 656, 659, 201 P.3d 629, 632 (2009) (citing *Stephens v. Stearns,* 106 Idaho 249, 254, 678 P.2d 41, 46 (1984)).

The *Buxton* Court explained that the basis for this interpretation is the requirement that a plaintiff must prove damage to recover in a negligence action. *Id.* Consequently, "some damage is required because it would be nonsensical to hold that a cause of action is barred by the statute of limitations before that cause of action even accrues." *Id.* (quoting *Lapham v. Stewart,* 137 Idaho 582, 586, 51 P.3d 396, 400 (2002)). Further, there must be objective proof of the damage. *Id.* at 660, 201 P.3d at 633 (quoting *Chicoine v. Bignall*, 122 Idaho 482, 487, 835 P.2d 1293, 1298 (1992)). The determination of what constitutes both damage and objective proof must be decided "on the circumstances of each case." *Id.* at 662, 201 P.3d at 635 (quoting *Bonz v. Sudweeks*, 119 Idaho 539, 543, 808 P.2d 876, 880 (1991)). Thus, for purposes of determining when the statute of limitations begins to run, a professional negligence claim does not accrue until the claimant has suffered "some damage" that could be recovered in a malpractice action.

When evaluating the circumstances of a case to determine whether "some damage" has occurred, this Court differentiates between actual damage and the potential for damage. Conduct or action that merely creates the potential for harm, or increases the risk that the client will incur

4

damage, does not satisfy the "some damage" requirement. *Buxton*, 146 Idaho at 659, 201 P.3d at 632. In that case, the client, on advice from counsel, terminated its contract with one vendor and withheld payment from another, which led to lawsuits against the client by both vendors. The Court held that "[t]he giving of legal advice often carries with it the risk of litigation," and thus there was no damage until and unless the litigation ended in an adverse outcome for the client. *Id.* at 662, 201 P.3d at 635. In another case, an attorney drafted an installment lease-purchase agreement for a client, but did not file a UCC-1 financing statement to secure the client's interest in the property. *Parsons Packing, Inc. v. Masingill*, 140 Idaho 480, 95 P.3d 631 (2004). When the buyer defaulted on the agreement and entered bankruptcy, the client sued the attorney. *Id.* at 481, 95 P.3d at 632. We held that the district court erred in finding that the client's damage accrued when the property was transferred without adequate security, reasoning that the negligent failure to file the UCC-1 statement only resulted in the potential for damage, and that the client was not damaged until the seller's bankruptcy. *Id.* at 483, 95 P.3d at 634. In *Bonz*, an attorney recorded a release of lis pendens in the wrong county. 119 Idaho at 540, 808 P.2d at 877. This Court held that no damage accrued at the time of the negligent recording; rather, the client was damaged only when a third-party investor "learned of the cloud on the . . . property and thereafter refused to participate in a venture to develop the property." *Id.* at 543, 808 P.2d at 880.

In contrast, where a client takes action on the advice of an attorney which results in immediate damage, the statute of limitations begins to run at the point the damage occurred. For example, in *Buxton* the client also alleged that its attorney negligently advised it to release a claim against one adverse party and to reject a settlement offer from another. 146 Idaho at 663, 201 P.3d at 636. We held that the client's damage in those claims accrued upon the date of the release and the date of the rejection of the offer because that was when the client's opportunities to recover or receive a settlement were lost. *Id.* Similarly, in *Lapham v. Stewart*, an attorney disbursed loan funds from his trust account to the borrower in a lump sum, rather than incrementally, as requested by the client, and the borrower defaulted. 137 Idaho 582, 584, 51 P.3d 396, 398 (2002). This Court held that the client "suffered some damage when his funds were allegedly wrongfully disbursed," not when the borrower later defaulted, because that was the point at which the funds were no longer being held in trust for the client as requested and the client could have recovered against the attorney. *Id.* at 588, 51 P.3d at 402. While the client

argued that there was no damage at the disbursement because the borrower might still have made all the payments, this Court held that the possibility of repayment did not delay commencing the statute of limitations because "[t]he mere hope that the loss may be recovered from another party in the future does not toll the statute of limitation for malpractice." *Lapham*, 137 Idaho at 586, 51 P.3d at 400 (quoting *Figueroa v. Merrick,* 128 Idaho 840, 844, 919 P.2d 1041, 1045 (Ct.App.1996)).

In this case, the question is whether Reynolds suffered "some damage" when Quasar refused to refund the earnest money or whether "some damage" accrued only sometime after the district court determined that Quasar was required to repay all of the earnest money within a reasonable time and that a jury trial would be required to determine what that time period was. The damage Reynolds suffered in this case is $60,000 in earnest money that Quasar refused to refund. Therefore, we hold that the damage from any negligence by Trout Jones accrued no later than September 25, 2007, because that is the latest date that Quasar could be found to have refused to refund the earnest money.[1]

The circumstances in this case are like those in *Lapham*, where the attorney's alleged negligence resulted in an immediate loss of the client's funds held in trust. Here, the alleged negligence is a failure to include clear language regarding when the full amount of the earnest money was to be refunded if Reynolds exercised the right to terminate the Agreement upon Quasar's failure to record a final plat. Until Quasar refused to refund the earnest money, any negligent draftsmanship only created the potential for harm or increased the risk that Quasar would not pay. However, once Quasar refused to pay, the harm from the alleged negligence accrued. Reynolds contends that no damage occurred at that time because it was still possible that Quasar could have refunded the earnest money. But, as we held in *Lapham*, the fact that a loss might be cured by some future event does not mean that the cause of action has not accrued.

Reynolds's circumstances are similar to those in *Streib v. Veigel,* 109 Idaho 174, 706 P.2d 63 (1985), where there was negligence in the preparation of a tax return. We held that there was no damage until the Internal Revenue Service (IRS) discovered the error and assessed

---

[1] Reynolds first argues that summary judgment was not proper because there are disputed questions of material fact regarding the determination of when "some damage" occurred. This argument is without merit. It is true that this Court has held that a determination of what constitutes "some damage" is to be decided "on the circumstances of each case." *Bonz v. Sudweeks*, 119 Idaho 539, 543, 808 P.2d 876, 880 (1991). However, the "circumstances of the case" are not disputed in this matter, only the application of the law to those circumstances. Thus, if Trout Jones is entitled to judgment as a matter of law, summary judgment was proper.

interest and penalties against the client. *Id*. at 178, 706 P.2d at 67. In this case, Quasar's failure to immediately refund the earnest money is analogous to the IRS assessments. In *Buxton*, the Court held that damage from "lost opportunities" due to alleged negligence accrues on the date the opportunity is lost. In this case, the "lost" opportunity is the ability to do something else with the money. In contrast, the *Buxton* Court held that where the alleged negligence is legal advice that results in a lawsuit, the outcome of litigation defines the accrual of the cause of action because in ongoing legal proceedings there is only the potential for damage until resolution of the litigation. Here, the loss of the $60,000 occurred when Quasar refused to pay, not when the district court issued its order. We therefore hold that Reynolds's cause of action for professional negligence is barred by Idaho Code § 5-219(4) because "some damage" occurred no later than September 25, 2007, more than two years prior to the commencement of the action on March 9, 2010.

## B. Trout Jones is entitled to attorney fees on appeal.

Both parties request attorney fees on appeal pursuant to Idaho Code § 12-120(3). Under that statute, only the prevailing party is entitled to attorney fees on appeal. Reynolds is not the prevailing party and is therefore not entitled to attorney fees.

We have held that "the prevailing party may be entitled to attorney fees under § 12–120(3) in an action for legal malpractice so long as a commercial transaction occurred between the prevailing party and the party from whom that party seeks fees." *Soignier v. Fletcher*, 151 Idaho 322, 326, 256 P.3d 730, 734 (2011). A commercial transaction includes "all transactions except transactions for personal or household purposes." I.C. § 12-120(3). Further, Idaho Code § 12-120(3) applies where "a 'commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover," and "[t]hus, as long as a commercial transaction is at the center of the lawsuit, the prevailing party may be entitled to attorney fees for claims that are fundamentally related to the commercial transaction yet sound in tort." *Carrillo v. Boise Tire Co., Inc.*, 152 Idaho 741, 755-56, 274 P.3d 1256, 1270-71 (2012) (quoting *Blimka v. My Web Wholesaler, LLC,* 143 Idaho 723, 728, 152 P.3d 594, 599 (2007)).

Reynolds retained Trout Jones for the purpose of facilitating the purchase of real property for commercial purposes. Likewise, Trout Jones entered into the relationship for commercial, not altruistic, purposes. Therefore, this transaction had "the symmetry of commercial purpose necessary to trigger I.C. § 12-120(3)." *Carrillo*, 152 Idaho at 756, 274 P.3d at 1271. The malpractice claim was "fundamentally related" to this commercial transaction. Consequently, as

the prevailing party in an action arising from a commercial transaction, Trout Jones is entitled to attorney fees and costs on appeal.

## IV. CONCLUSION

We affirm the district court's judgment dismissing Reynolds's claim of professional negligence because it is barred by the statute of limitations found in Idaho Code § 5-219(4). Costs and attorney fees on appeal to Trout Jones.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.