IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40853

| | | |
|---|---|---|
| JAMES R. DONOVAL, | ) | 2014 Unpublished Opinion No. 637 |
| | ) | |
| Plaintiff-Appellant-Cross Respondent, | ) | Filed: July 22, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| THE CITY OF SUN VALLEY, IDAHO an | ) | THIS IS AN UNPUBLISHED |
| Idaho municipal corporation, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Respondent-Cross | ) | |
| Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Jonathan P. Brody, District Judge.

Judgment denying Idaho Public Records Act relief and attorney fees, <u>affirmed</u>.

James R. Donoval, Caldwell, pro se appellant-cross respondent.

Naylor and Hales, PC; Kirtlan G. Naylor, Boise, for respondent-cross appellant. Kirtlan G. Naylor argued.

---

PERRY, Judge Pro Tem

James R. Donoval appeals from the judgment of the district court denying his amended complaint seeking to compel the City of Sun Valley to make public records available for his inspection and copying. Sun Valley cross-appeals and challenges the district court's denial of attorney fees. Both parties seek attorney fees on appeal. For the reasons that follow, we affirm the district court's judgment.

## I.

## FACTS AND PROCEDURE

At issue in this appeal are Donoval's three public records requests submitted to Sun Valley under the Idaho Public Records Act, Idaho Code §§ 9-337 through 9-350. The public records requests sought copies of records pertaining to the usage of Sun Valley's city credit cards--credit card invoices and authorization sheets (referred to as the yellow sheets), collectively referred to as the records. Over the course of two weeks, Donoval and the Sun

1

Valley city attorney corresponded with one another, and Donoval was provided with copies of some of the records he requested. At one point, Donoval sought to view the original records. Donoval was then informed that Sun Valley no longer had the original records, as the records had been turned over to the Idaho attorney general. Unbeknownst to Donoval, the original records had been in the attorney general's possession before Donoval submitted his public records requests to Sun Valley, and Sun Valley had provided Donoval with duplicates of the copies Sun Valley had retained.

In accord with Idaho Code § 9-343, Donoval filed a complaint to compel Sun Valley to produce the records that had not been provided to him, naming Sun Valley and the Idaho attorney general as defendants. After the complaint had been filed, the Sun Valley city attorney contacted Donoval and informed him that Sun Valley found more records covered under the public records requests and provided copies of those to Donoval. Donoval was also informed by the attorney general that the attorney general's office had transferred the original records to the Blaine County prosecutor. Donoval moved to voluntarily dismiss the attorney general from the complaint and moved to amend the complaint to add the Blaine County prosecutor. The district court ordered that the attorney general was dismissed and granted Donoval leave to amend the complaint to add the Blaine County prosecutor as a defendant. Donoval subsequently filed an amended complaint.

After filing the amended complaint, Donoval was permitted to inspect the original requested records at the Blaine County prosecutor's office, and Donoval moved to voluntarily dismiss the Blaine County prosecutor from the amended complaint. The district court dismissed the Blaine County prosecutor from the amended complaint and then conducted a hearing on Donoval's action to compel. At the hearing, Donoval acknowledged that the copies of records he had received from Sun Valley were the same as the original documents he inspected that were in the prosecutor's possession. However, Donoval contended that some of the yellow sheets, including the originals and copies, were forgeries and also contended that some of the yellow sheets were missing from his copies and from the originals at the prosecutor's office. In light of Donoval's argument at the hearing, the court generally construed Donoval's amended complaint as a request for the district court to enter an order compelling Sun Valley "to make any public records it has refused to make available for public inspection now available for public inspection." The court subsequently issued a memorandum decision and judgment denying the

2

relief sought by Donoval and denying Sun Valley's request for attorney fees. Donoval appeals, and Sun Valley cross-appeals the denial of its request for fees. Both parties also seek attorney fees on appeal.

## II.

## ANALYSIS

### A.    Donoval's Appeal

On appeal, Donoval's opening brief raises the following issues:

> I) Did the District Court err as a matter of law by failing to recognize the District Court's inherent authority pursuant to Idaho Public Writings Laws, Idaho Code 3-303 et. seq., and in particular Idaho Code Sections 9-337 through 9-348 (the Idaho Public Writings statutes), to mandate Sun Valley to respond to allegations of loss and destruction of public records demanded to be produced by Mr. Donoval and to allegations of falsification and forgery of documents that were produced in response to the public record requests submitted by Mr. Donoval to Sun Valley?

> II) Did the District Court err as a matter of law in failing to require Sun Valley to respond, under oath, pursuant to Idaho Public Writings statutes, Idaho Code 9-303 et. seq., and in particular Idaho Code Sections 9-337 through 9-348, as to the whereabouts of public records that were not produced pursuant to a public records request or were alleged to have been forged or falsified, in response to a public records request?

> III) Did the District Court err as a matter of law or abuse its discretion in failing to enter penalties of $1,000 per document pursuant to Idaho Statute 9-345 that were failed to be produced or falsified and forged by Sun Valley against either Sun Valley Mayor DeWayne Briscoe or the individual designated as the "custodian" of such records pursuant to Idaho Statute 9-337(3)?

(Emphasis removed.) Donoval also raises several issues in his reply brief that we will not address because this Court "will not consider an issue not 'supported by argument and authority in the opening brief.'" *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (quoting *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008)).

Under the Idaho Public Records Act, "A public agency or independent public body corporate and politic shall either grant or deny a person's request to examine or copy public records . . . ." I.C. § 9-339(1). "[A] person aggrieved by the denial of a request for disclosure" may institute proceedings in the district court "to compel the public agency or independent public body corporate and politic to make the information available for public inspection . . . ." I.C. § 9-343(1). When considering an appeal from a public records request, this Court will not

set aside the district court's findings of fact unless they are "clearly erroneous, which is to say that findings that are based upon substantial and competent, although conflicting, evidence will not be disturbed on appeal." *Bolger v. Lance*, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002). "This Court exercises free review over questions of law, including the interpretation of a statute." *Ward v. Portneuf Med. Ctr., Inc.*, 150 Idaho 501, 504, 248 P.3d 1236, 1239 (2011).

### 1. Donoval's amended complaint, the hearing, and the memorandum decision

The relevant starting point for this appeal is the amended complaint that Donoval filed. Donoval stated that he was bringing the amended complaint before the court under the authority of the Idaho Public Records Act--that is, under the authority granted in section 9-343. In accord with Idaho Rule of Civil Procedure 8(a)(1), Donoval demanded that the court enter an order (1) mandating Sun Valley to produce a subpoena; (2) mandating that the prosecutor's office verify whether or not the prosecutor's office had the original documents; (3) mandating that the prosecutor's office allow Donoval to inspect the original documents in its possession; (4) mandating "that the Court issue instanter a referral to [the prosecutor's office] for a felony criminal investigation of Sun Valley . . . pursuant to Idaho Statute 18-3201, for the destruction, alteration, falsification and/or theft of public records in their possession and control"; (5) for costs and attorney fees; and (6) for other relief found proper by the district court.

In the amended complaint, Donoval did *not* demand that the court enter an order "to compel the public agency or independent public body corporate and politic to make the information available for public inspection." I.C. § 9-343. After filing the amended complaint, Donoval was permitted by the prosecutor's office to inspect the original records held by the prosecutor's office. Then, Donoval moved to dismiss the prosecutor's office from the complaint. In addition, Donoval filed a memorandum in support of his amended complaint that requested the court to enter an order and listed ten forms of relief. The case then proceeded to a hearing.[1]

---

[1] The dissent characterizes the hearing merely as "a hearing on Sun Valley's Objection/motion to dismiss," and thus contends that the district court's judgment amounted to a grant of summary judgment. However, this characterization is not borne out by the transcript of the hearing or by the memorandum decision of the district court denying the relief sought by Donoval. To be sure, before the hearing, Sun Valley submitted a document entitled "Defendant City of Sun Valley's Objection and Request for Fees" that requested the court to "dismiss [Donoval's] action and grant the City Defendants attorney fees." At the hearing, the district court, after dismissing the Blaine County prosecutor, questioned whether the next item of business was a motion to dismiss. In response, Donoval expressed his belief to the court that

4

At the hearing, Donoval summarized his argument, in light of inspecting the original records held by the prosecutor. For the credit card invoices, Donoval argued that the court should fine a Sun Valley city official in accord with Idaho Code § 9-345. For the yellow sheets, Donoval requested the court to either compel Sun Valley to produce the yellow sheets "or otherwise put something in the record explaining what happened to them or denying that they ever existed."

The district court's memorandum decision began by addressing the four substantive demands for relief in the amended complaint (items (1)-(4) above). The court determined that it could not mandate Sun Valley to produce a subpoena because there was no public records

---

there was not a motion to dismiss: "I don't think an objection is a motion to dismiss. I think it's their, in essence, response, or memorandum in support of why they don't need to produce the documents, but I don't think it's a motion to dismiss."

Donoval further stated it was his belief that the hearing had the purpose of addressing the substance of his action to compel:

> I think the court's aware that pursuant to Chapter 9-343 a hearing on the pleading, the original pleading for the public records request is supposed to have been heard within 28 days of the case being filed, *and that's what I presume this hearing is today: That I have my day in court to go over with the court whether the public records have been provided.*
>
> If [Sun Valley] wants to respond to that, and in essence the court say in response to that hearing that I'm entitled to, that these are their denials or their objections, then the court does that; but my response to Mr. -- if you want to get into the argument and call it a motion to dismiss, I think it's really just a response to the main pleading.

(Emphasis added.) The Court seemingly agreed with Donoval at the hearing, acknowledging that "I think we can address that substance, and have to." The argument at the hearing proceeded with Donoval addressing his points and Sun Valley addressing its points concerning the substance of the action to compel--whether documents were being improperly withheld.

The memorandum decision of the district court also concerns the substance of the action to compel. The memorandum decision does not state that the court is granting summary judgment, nor does it state that the court is dismissing the complaint for failure to state a claim upon which relief can be granted. Rather, the memorandum decision discusses in detail Idaho Code §§ 9-343 and 9-344, and makes a determination that Donoval had not shown that it appeared that certain public records were being improperly withheld by Sun Valley, a condition precedent to the remainder of the analysis in Idaho Code § 9-344(1). Ultimately, the district court denied the relief sought by Donoval's complaint because Donoval had not shown that it appeared that public records were being improperly withheld.

5

request for a subpoena. For the following two items of relief requested, the court found that any relief related to the prosecutor was moot because the prosecutor had been dismissed from the action. As to the fourth demand for relief requested, the court determined that it lacked the authority under section 9-343 to make a referral for a criminal investigation.

The district court did not end its analysis there, however. The district court recognized the authority it had under Idaho Code § 9-344: "The Court has authority under I.C. § 9-344(1) to order a custodian to show cause why records are being withheld, if it appears records are being improperly withheld. Therefore, any requested relief not consistent with this remedy must be denied." It thus construed Donoval's complaint "as a request for this Court to enter an order compelling the Defendant to make any public records it has refused to make available for public inspection now available for public inspection." The district court proceeded to analyze the case under this interpretation.[2]

In its analysis, the district court acknowledged that Donoval presented evidence that the missing yellow sheets may have existed and that Sun Valley may have had a duty to maintain those records. But the court determined that Sun Valley did not deny Donoval access to the records because "[t]he Defendant informed the Plaintiff [on] August 7, 2012 that it had provided copies of all public records in its possession that were responsive to the Plaintiff's public records requests." Thus, the court found that the records were not being improperly withheld. Consequently, the original public records request was not being denied by Sun Valley, according to the district court.

### 2. Application of Idaho Code §§ 9-343 and 9-344

We begin with two statutes in the Idaho Public Records Act, sections 9-343 and 9-344. We note that the interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011). Such interpretation must begin with the literal words of the statute; those words must be given their plain, usual, and

---

[2]     Rather than re-interpreting Donoval's amended complaint, the district court could have dismissed Donoval's action because Donoval did not make a demand in the amended complaint for the court to enter an order "to compel the public agency or independent public body corporate and politic to make the information available for public inspection." I.C. § 9-343. This dismissal would have been subject to an affirmance because Idaho Rule of Civil Procedure 8(a)(1) requires that a complaint state a demand for judgment for the relief that a party is entitled.

ordinary meaning; and the statute must be construed as a whole. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). It is well established that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature. *Id.*

Section 9-343(1) provides, in relevant part:

> The *sole remedy* for a person aggrieved by the denial of a request for disclosure is to institute proceedings in the district court of the county where the records or some part thereof are located, to compel the public agency or independent public body corporate and politic to make the information available for public inspection in accordance with the provisions of sections 9-337 through 9-348, Idaho Code.

(Emphasis added.) As the Idaho Supreme Court has interpreted this section, the only relief the court can grant is to order the public entity to make the records available for inspection. *Henry v. Taylor*, 152 Idaho 155, 267 P.3d 1270 (2012). During oral argument before the Idaho Supreme Court in *Henry*, the appellant's counsel acknowledged that his client had been provided the records he was seeking, but counsel "stated that there was additional discovery his client would like to conduct regarding the records and the existence of any emails regarding this transaction." *Id.* at 161, 267 P.3d at 1276. The Court, after summarizing section 9-343, stated that the appellant was not "entitled in this proceeding to conduct further discovery regarding information that may be contained in the records that were produced" because the appellant had "received the relief to which he [was] entitled with respect to examining the public records requested." *Id.* In short, the action available to a party under section 9-343 is for a limited purpose: the action may seek to compel a public entity to disclose public records it is improperly withholding.[3]

Section 9-344 provides a two-step procedure for the district court to follow when deciding whether to order the public entity to make the records available for public inspection. The statute details that the district court "shall decide the case after examining the pleadings filed by the parties and such oral arguments and additional evidence as the court may allow." I.C. § 9-344(1). Accordingly, the court decides within its discretion what evidence to allow beyond

---

[3]     Donoval makes several allegations in this case, including forgery, malfeasance in office, theft, poor document retention, improper record destruction policies, etc. An action under the Idaho Public Records Act is not the forum to address these concerns. Nor does the Act create an open season for Donoval to conduct discovery regarding these allegations. *See Henry v. Taylor*, 152 Idaho 155, 161, 267 P.3d 1270, 1276 (2012).

the pleadings, arguments, or other evidence already placed in the record. The section does not require additional sworn affidavits or testimony, as Donoval asserts. In particular to this case, both Donoval's and Sun Valley's pleadings included various exhibits, including email correspondence between Donoval and the Sun Valley city attorney. Email from the Sun Valley city attorney informed Donoval that Sun Valley had provided Donoval with copies of all the records it had within its control pursuant to Donoval's public record requests. Therefore, an additional sworn statement by Sun Valley stating that it provided copies to Donoval of all the records it possessed would not contain any information not already in the record for the court to examine.

In the first step of section 9-344, the district court determines whether "it appears that certain public records are being improperly withheld from a member of the public." I.C. § 9-344(1). This initial determination is a condition precedent to the second step: "Whenever it appears that certain public records are being improperly withheld from a member of the public, the court shall order the public official charged with withholding the records to disclose the public record or show cause why he should not do so." *Id.*

During the second step of the procedure, the statute permits the district court to issue an order to the public entity to either disclose the records or to show cause as to why it should not be required to release the records. *Id.*; *see also Bolger*, 137 Idaho at 796, 53 P.3d at 1215. "[I]n responding to an order to show cause, the agency bears the burden of persuasion and must 'show cause,' or prove, that the documents fit within one of the narrowly-construed exemptions." *Bolger*, 137 Idaho at 796, 53 P.3d at 1215. If the public entity responds to the show-cause order, section 9-344(2) directs the action for the court:

> *If* the court finds that the public official's decision to refuse disclosure is not justified, it shall order the public official to make the requested disclosure. *If* the court determines that the public official was justified in refusing to make the requested record available, he shall return the item to the public official without disclosing its content and shall enter an order supporting the decision refusing disclosure.

(Emphasis added.) This process was reviewed by our Supreme Court in the procedural history in *Bolger*. There, the appellant made a public records request to the Idaho attorney general. After the attorney general denied the request, the appellant filed a verified petition under the Idaho Public Records Act and filed a motion for an order to show cause. The district court signed an order that required the attorney general to turn over the records that had been previously

8

withheld or to show cause by filing responsive pleadings and appearing at a hearing. Prior to the show-cause hearing, the attorney general turned some documents over to the appellant and submitted a responsive pleading to the district court along with the remaining documents under seal. The district court subsequently denied the relief sought by the appellant, after reviewing the documents that were submitted under seal and the responsive pleadings.

Donoval's appeal is constrained by the plain language of section 9-343, which provides one ground of relief for Donoval, and by the procedure set out in section 9-344. The ultimate relief that Donoval may be permitted under section 9-343 is an order requiring Sun Valley to make the records available for his inspection. The district court correctly recognized that section 9-343 did not require the district court to order Sun Valley to proffer an affidavit, or other sworn evidence, setting forth all of the efforts Sun Valley took to search for the requested records and to respond to certain allegations by Donoval. Because Donoval's action ended upon the first inquiry when the district court determined that it did not appear that records were being improperly withheld--a condition precedent to the show-cause process--section 9-344 did not become applicable to his request.[4]

On appeal, Donoval's argument as to both his first and second issue focuses on the second step of the procedure set forth in section 9-344. In his opening brief, Donoval asserts that this Court can take guidance from *Bolger* "to confirm that it was, and arguably still is, the burden of Sun Valley to 'show cause' as to why the Yellow Sheets were never produced." However, Donoval's action did not reach the stage where Sun Valley was subject to a show-cause order and bore the burden of persuasion. Instead, the district court denied Donoval's action because it

---

[4]   The district court followed the statutory procedure which provides, initially, that the court "decide the case after examining the pleadings filed by the parties and such oral arguments and additional evidence as the court may allow." I.C. § 9-344(1). The dissent ignores the first step of the statute. The dissent would require strict adherence to the Idaho Rules of Civil Procedure and the Idaho Rules of Evidence, which may appropriately be followed, but are not necessarily required by the more summary procedure contemplated by the legislature. In the first instance, the court looks to the pleadings, arguments and any additional evidence allowed and decides whether "it appears that certain public records are being improperly withheld from a member of the public." I.C. § 9-344(1). The procedure asserted by the dissent bypasses this step and immediately jumps to a show-cause hearing. Under the dissent's analysis, anytime a party files a verified complaint or complaint with affidavit, there would be no occasion for the district court to make the initial determination, as facts in controversy would always exist (unless the agency admitted the asserted facts) and, thus, a show-cause hearing would always be required.

determined that it did not appear that records were being improperly withheld.[5] The district court properly determined, based on the pleadings, exhibits, and oral argument at the hearing, that Donoval had not shown that it appeared that certain public records were being withheld. *See* I.C. § 9-344(1) ("The court shall decide the case after examining the pleadings filed by the parties and such oral arguments and additional evidence as the court may allow."). Although there were contrary allegations before the court, the district court's finding is not clearly erroneous.[6]

### 3. Civil penalty

Donoval also contends that the district court erred by denying his request for the court to assess a civil penalty against a public official of Sun Valley, as provided for in Idaho Code § 9-345. A court must assess a penalty against a public official in an amount not to exceed $1,000 to be paid to the general account "[i]f the court finds that [the] public official has deliberately and in bad faith improperly refused a legitimate request for inspection or copying . . . ." I.C. § 9-345. Sun Valley maintained that it did not refuse Donoval's request. The district court did not assess a penalty against a public official because it specifically found that Sun Valley did not refuse the requests. We review the district court's decision to not award a penalty for an abuse of discretion. *Cf. Preston v. Idaho State Tax Comm'n*, 131 Idaho 502,

---

[5] Donoval cites to several federal cases in support of his proposition that Sun Valley should have been required to produce evidence of the efforts it made to search for the requested records. The federal Freedom of Information Act (FOIA) permits a person who has requested agency records to file a complaint in a federal district court to enjoin the agency from withholding the records or order the agency to produce the records. *See* 5 U.S.C. § 552(a)(4)(B). "In order to obtain summary judgment the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Unlike the FOIA, the Idaho Public Records Act specifies a separate procedure in Idaho Code § 9-344 and grants the district court discretion to decide what evidence to allow and thus consider.

[6] Even if the dissent were correct that the Idaho Rules of Evidence and Idaho Rules of Civil Procedure apply in such a strict manner, we would still affirm the judgment of the district court. At the hearing on this matter, at which Donoval argued the merits of his public records request, he offered no witness testimony and did not introduce into the record even a single item of evidence. He thus would have failed to carry his burden of showing that it appeared that records were being improperly withheld.

506-07, 960 P.2d 185, 189-90 (1998) (holding that the Tax Commission had the discretion to apply a statutory late filing penalty).

It is clear from the record that Sun Valley did not improperly refuse, let alone refuse, Donoval's requests for public records. Rather, Sun Valley responded to Donoval's requests by making available for copying the copies of the records it had in its possession. For instance, Sun Valley made available over 1500 pages of documents within two days of an email from Donoval to the Sun Valley city attorney. Moreover, after the initial complaint was filed and when Sun Valley found additional copies of records that were covered under Donoval's public record requests, it forwarded copies of those records to Donoval. There is no evidence that suggests that Sun Valley "improperly refused" Donoval's request. Accordingly, the district court did not abuse its discretion when it denied Donoval's request to assess a civil penalty against a public official of Sun Valley.

**B.      Sun Valley's Cross-Appeal**

Sun Valley cross-appeals the district court's denial of its request for attorney fees. Specifically, Sun Valley asserts that the district court focused on the underlying basis of Donoval's amended complaint in determining whether to deny attorney fees, instead of determining whether Donoval frivolously pursued his action.

In its answer to Donoval's amended complaint, Sun Valley sought attorney fees. Attorney fees must be awarded under the Idaho Public Records Act when a lawsuit has been frivolously pursued. I.C. § 9-344(2). At the hearing on Donoval's action to compel, Sun Valley argued that "this case has been frivolous from the beginning" because of what Donoval sought in his prayer for relief and what was argued at the hearing. The district court found that Donoval provided some evidence that Sun Valley may have, at one point, had possession of the records Donoval was seeking. In addition, the district court determined that there was "some evidence of poor record-keeping on the part of [Sun Valley], so [Donoval] had some reason to think that such records may still be in the possession of [Sun Valley]." We review the district court's decision to not award attorney fees for an abuse of discretion. *Allied Bail Bonds, Inc. v. County of Kootenai*, 151 Idaho 405, 414, 258 P.3d 340, 349 (2011).

We are not persuaded that Donoval's complaint was frivolously pursued. At the hearing on Donoval's action to compel, Donoval argued, in part, that he had not received copies or been provided original records to inspect of some of the yellow sheets he requested. Donoval

11

provided evidence that these missing records may have at one time existed and that Sun Valley may have had a duty to maintain the records. Accordingly, there was a dispute as to whether Sun Valley was denying Donoval's request by withholding records or whether the records were no longer in the possession of Sun Valley. This dispute was not decided until the district court determined, based on the evidence before it, that Sun Valley no longer had the records and, therefore, was not denying Donoval's public records requests. Thus, we cannot say that the district court abused its discretion by denying Sun Valley's request for attorney fees, as the action by Donoval was not frivolously pursued.

## C.      Attorney Fees on Appeal

Both parties seek attorney fees on appeal. On appeal, all issues raised by Donoval have been resolved in favor of Sun Valley. However, the issue raised by Sun Valley in its cross-appeal has been resolved in favor of Donoval. Because neither party prevailed on appeal, we decline to award attorney fees on appeal. *Buckskin Props., Inc.* v. *Valley County*, 154 Idaho 486, 498, 300 P.3d 18, 30 (2013).

## III.

## CONCLUSION

The judgment of the district court denying the relief sought by Donoval and denying Sun Valley's request for attorney fees is affirmed. No attorney fees or costs are awarded on appeal.

Judge GRATTON **CONCURS.**

Judge LANSING, **DISSENTING**

Because I believe that the district court dismissed this action utilizing a procedure that is not authorized by statute or the Idaho Rules of Civil Procedure and made findings of fact that draw no support from any evidence, I respectfully dissent from Section II(A)(2) of the majority opinion.

## I.

## BACKGROUND

According to the allegations in pleadings and affidavits filed by Donoval, during the period relevant to his public records requests, the City of Sun Valley utilized a particular procedure for authorizing payment of charges on municipal credit cards. Each month, a credit card payment authorization form was prepared and submitted for approval (signified by initialing) by the mayor, the city administrator, the city treasurer, and a city council member.

12

Because the authorization forms were printed on yellow paper, the parties refer to them as the "yellow sheets."

Before this litigation began, Donoval requested that the City of Sun Valley produce for his review all of the municipal credit card statements and yellow sheets for the months of September 2010 through October 2011. The City delivered to Donoval photocopies (and later the originals) of at least some of the records covered by his request, but Donoval contended that this production was insufficient for various reasons. When a lengthy exchange of correspondence regarding Donoval's contentions about the deficiency of the production did not result in his satisfaction, Donoval initiated this action.[1] His amended complaint alleges that the City's response to his records request was insufficient because it did not include seventeen of the requested yellow sheets, he was not given access to the originals of some documents, and he believed that certain of the produced documents were forgeries. As to the missing documents, Donoval alleged that a Sun Valley employee had taken documents offsite, to the employee's home; that Sun Valley's attorneys had improperly removed documents from their secure location at City Hall; and that the City had engaged in the unauthorized destruction of documents. As to the forgery allegation, Donoval averred that some of the produced yellow sheets lacked certain initials or signatures that should have appeared on them and that a discrepancy in handwriting demonstrated that some of the produced documents were forgeries.[2]

Sun Valley answered Donoval's complaint and filed an unverified document entitled "Defendant City of Sun Valley's Objection and Request for Fees" (the "Objection"). In the Objection, Sun Valley asserted that it had produced all of the documents in its possession covered by Donoval's request and that some of the types of relief requested in Donoval's amended complaint were not authorized by statute. While not titled a motion to dismiss on the pleadings, the Objection requested that the case be dismissed pursuant to Idaho Rule of Civil Procedure 12(b)(6), which authorizes dismissal of a complaint for "failure to state a claim upon

---

[1]    As discussed by the majority, there was also some delay and confusion in the production of some records because law enforcement officials had taken possession of certain originals in connection with an investigation.

[2]    Donoval's complaint also made various allegations and requests for relief that are irrelevant or inappropriate to an action brought pursuant to I.C. § 9-343.

which relief can be granted."[3]  Rather than asserting that the allegations of Donoval's complaint failed to state a claim for relief, however, Sun Valley's Objection sought dismissal based upon various factual allegations presented in the Objection itself or in defendants' answers to the complaint, including assertions in various unsworn exhibits that had been appended to the defendants' pleadings.  Sun Valley's attorney also submitted his own affidavit stating that an appended copy of a letter from his office to the attorney general was a true copy.  The letter described transmission of original documents to the attorney general's office.  A second affidavit of Sun Valley's attorney attached a copy of Donoval's complaint from another case in which he sued Sun Valley for production of records.

In response to Sun Valley's objection, Donoval filed several affidavits, including his own affidavit asserting that he had requested, but not received, certain yellow sheets.  His affidavit related hearsay allegations that Sun Valley authorities had been seen destroying documents.  More importantly, Donoval submitted an affidavit from former Sun Valley Mayor Willich which described the process by which the yellow sheets were created, processed, and retained during his tenure as the mayor and specifically during a period covered by Donoval's records request, from October 2010 through October 2011.  According to that affidavit, the yellow sheets, which were to detail every expenditure that was to be paid by Sun Valley, were prepared by the City treasurer and each one was initialed by her and then by former city administrator Sharon Hammer, Mayor Willich, and one Sun Valley council member, in that order.  According to the affidavit, between October 2010 and October 2011, the treasurer appeared before the mayor and the Sun Valley Council every month and presented the yellow sheets to them.  Mayor Willich further stated that the treasurer was mandated to retain the yellow sheets and associated credit card statements in a file in the Sun Valley City Hall.  The affidavit also noted that in late 2011, he discovered that the person then serving as treasurer had removed some Sun Valley financial records to her home.  He also said that the copies of some of the yellow sheets produced to Donoval appeared to be forgeries because they included his initials without the initials of other

---

[3]  Donoval complained that the "Objection" was not a motion to dismiss.  At a hearing, Sun Valley orally moved to dismiss on the grounds asserted in the "Objection."  Thereafter, the court treated the motion as a motion to dismiss, specifically referencing I.R.C.P. 12(b)(6) at the hearing.

individuals that would have been required before presentation to the mayor and because some of the sheets did not include his initials or those of a city council member.

Lastly, Donoval submitted an affidavit from his wife, Sharon Hammer, who was the former Sun Valley City Administrator. Her affidavit largely echoed the information that was included in Mayor Willich's affidavit.

Following a hearing on Sun Valley's Objection/motion to dismiss, the district court issued a memorandum decision and judgment dismissing Donoval's complaint. The district court described Donoval's request as one seeking an order that the "Defendant be required to explain the whereabouts of the documents requested by the Plaintiff." The court held that this remedy was not available given the "sole remedy" language of I.C. § 9-343, despite also acknowledging that I.C. § 9-344 authorized the court to enter an order for Sun Valley to show cause why it had not produced all requested documents. Thereafter, the court held that no relief was available pursuant to I.C. § 9-344, because the court "finds that the defendant has not denied any of the Plaintiff's formal public record requests for disclosure" and that "it does not appear that the documents are being improperly withheld." These findings were based solely upon statements made in unsworn pleadings and arguments of Sun Valley's counsel indicating that Sun Valley had turned over all of the requested documents that it possessed.

## II.

## ANALYSIS

In my view, the district court's dismissal was erroneous because the court impermissibly resolved issues of fact by making findings unsupported by any evidence.

Sun Valley's Objection requested dismissal pursuant to I.R.C.P. 12(b)(6), which authorizes dismissal of a claim for "failure to state a claim upon which relief can be granted." As is plain from the language of the rule, a Rule 12(b)(6) dismissal is permitted only if the allegations of the pleading, in this case Donoval's amended complaint, do not allege facts upon which relief could be granted. A court may grant a motion to dismiss under this rule only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Shelton v. Shelton*, 148 Idaho 560, 565, 225 P.3d 693, 698 (2009); *Taylor v. Maile*, 142 Idaho 253, 257, 127 P.3d 156, 160 (2005); *Wackerli v. Martindale*, 82 Idaho 400, 405, 353 P.2d 782, 785 (1960); *Harper v. Harper*, 122 Idaho 535, 536, 835 P.2d 1346, 1347 (Ct. App. 1992). A nonmoving party "is entitled to have all inferences from the

record viewed in his favor." *Young v. City of Ketchum*, 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002). "The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims." *Id.* Dismissal of Donoval's amended complaint was impermissible under this rule because, for all of its deficiencies, the amended complaint sufficiently alleged that he had requested production of public records from the City of Sun Valley, that these records were known to have existed at one time; that some of the requested records were not produced; and that some of the produced documents appeared to be forgeries, not the genuine records that were requested. This stated a basis for relief under I.C. §§ 9-343 and 9-344.

As noted above, Sun Valley's Objection did not actually request dismissal on the ground that Donoval's amended complaint failed to state a claim, but upon information alleged in the defendants' answer and other materials. When matters outside of the pleadings are presented on the motion purportedly brought under Rule 12(b)(6), the motion must be treated as one for summary judgment and disposed of as provided in I.R.C.P. 56. I.R.C.P. 12(b); *Doe v. Idaho Dep't of Health & Welfare*, 150 Idaho 491, 494, 248 P.3d 742, 745 (2011) (applying the conversion rule in I.R.C.P. 12(b)).

Summary judgment is proper when the pleadings and evidence show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). The burden is on the moving party to show that there are no genuine issues of material fact. *Vreeken v. Lockwood Eng'g, B.V.*, 148 Idaho 89, 101, 218 P.3d 1150, 1162 (2009); *Cafferty v. Dep't of Transp., Div. of Motor Vehicle Serv.*, 144 Idaho 324, 327, 160 P.3d 763, 766 (2007). The movant may meet this burden either by showing that the opponent's evidence, even if true, does not demonstrate a right to relief or by an affirmative showing with the moving party's own evidence. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). If genuine, material factual issues exist, however, the matter may not be resolved on summary judgment. I.R.C.P. 56(c); *Chandler v. Hayden*, 147 Idaho 765, 768, 215 P.3d 485, 488 (2009); *Robinson v. Mueller*, 156 Idaho 237, 238, 322 P.3d 319, 320 (Ct. App. 2014). If the case is one which would be tried before the court without a jury, a trial court is not constrained to draw inferences in favor of the nonmoving party but may arrive at the most probable inferences to be drawn from the *uncontroverted* evidentiary facts. *Vreeken*, 148 Idaho at 101, 218 P.3d at 1162. Nevertheless, a trial court may not on summary judgment

make credibility determinations or resolve factual disputes created by conflicting evidence. *Heinze v. Bauer*, 145 Idaho 232, 239, 178 P.3d 597, 604 (2008); *Intermountain Forest Mgmt., Inc. v. Louisiana Pac. Corp.*, 136 Idaho 233, 238, 31 P.3d 921, 926 (2001); *Baxter v. Craney*, 135 Idaho 166, 172, 16 P.3d 263, 269 (2000).

Here, Sun Valley made no showing of entitlement to summary judgment, for there existed genuine issues of fact to be resolved. Donoval had submitted affidavits of himself, Mayor Willich, and former Sun Valley City Administrator Hammer that made a prima facie showing that yellow sheets which had been prepared and processed in the ordinary course of Sun Valley business during the months from October 2010 through October 2011 had not been produced by Sun Valley in response to Donoval's request. They showed how the documents were routinely created, why Sun Valley must have possessed them at some point, and why Sun Valley might still have possession of or access to those documents. Sun Valley presented no admissible, relevant evidence at all, much less evidence sufficient to disprove Donoval's claims. Instead, Sun Valley presented argument based solely on the allegations in the defendants' unverified answers and other unsworn assertions. Sun Valley did submit two affidavits of its attorney, but they merely attached copies of documents without any attestation that the statements made in the documents were true. Moreover, the documents attached to the attorney's affidavits appear to be irrelevant to the question whether Sun Valley had produced all of the documents within its possession or control that were responsive to Donoval's record request. Thus, the district court's dismissal order was not proper as a grant of summary judgment because the court resolved contested issues of fact by adopting Sun Valley's unsworn factual contentions. Thus, the district court's decision cannot be affirmed as a proper summary judgment.

The majority is of the view that the district court's order here was neither a summary judgment nor an order granting Sun Valley's request for dismissal pursuant to I.R.C.P. 12(b)(6), but simply a decision "that Donoval had not shown that it appeared that certain records were being improperly withheld by Sun Valley, a condition precedent to the remainder of the analysis in Idaho Code § 9-344(1)." Regardless of how the district court's order is characterized, it is inescapable that the order resolved contested factual issues. The court's finding that Sun Valley had not denied any of Donoval's record requests could be reached only by rejecting Donoval's prima facie showing, through affidavits of the former mayor and former city administrator, that

17

additional yellow sheets had been prepared and processed and should still be in Sun Valley's possession. The district court rejected this evidence without explanation and without any contrary evidentiary showing by Sun Valley.[4]

The procedure for addressing factual issues in an action to compel disclosure of public records is prescribed in the first sentence of I.C. § 9-344(1), which states:

> (1) Whenever it appears that certain public records are being improperly withheld from a member of the public, the court shall order the public official charged with withholding the records to disclose the public record or show cause why he should not do so. The court shall decide the case after examining the pleadings filed by the parties and such oral arguments and additional evidence as the court may allow. The court may examine the record in camera in its discretion.

The first sentence of that subsection mandates a show-cause order and hearing to resolve material factual questions about whether requested records have been produced as required by I.C. § 9-337, *et seq.* As the majority notes, the agency responding to a show-cause order bears the burden to prove that it has properly responded to the records request. *Bolger v. Lance*, 137 Idaho 792, 796, 53 P.3d 1211, 1215 (2002). Such show-cause hearings are governed by I.R.C.P. 6(c)(2), which requires the court to base its decision upon affidavits or sworn testimony given at a hearing. The show-cause procedure also allows any party to elect to produce live testimony and to cross-examine adverse witnesses. I.R.C.P. 6(c)(2)(B) and (C). Numerous reported Idaho decisions illustrate the use of show-cause hearings, including the presentation of live testimony, as the mechanism for resolution of disputed factual issues in actions for disclosure of public documents. *See*, *e.g.*, *Bolger*, 137 Idaho at 794, 53 P.3d at 1213; *Magic Valley Newspapers, Inc. v. Magic Valley Reg'l Med. Ctr.*, 138 Idaho 143, 144, 59 P.3d 314, 315 (2002); *see also Wade v. Taylor*, 156 Idaho 91, 95, 320 P.3d 1250, 1254 (2014) (the court held several hearings and performed an *in camera* review of the documents).

---

[4] The majority argues that I have ignored an important "first step" prescribed by I.C. § 9-344(1). I do not ignore the first step. Rather, the majority and I disagree regarding the scope of that first step. The majority holds that a district court may resolve material "facts in controversy" where one party files admissible evidence creating a genuine issue of material fact and the other party relies upon inadmissible averments. As stated throughout my opinion, I find no statute or rule that authorizes that procedure and will not construe the ambiguous language in I.C. § 9-344(1) to break with centuries of legal practice and first principles of American jurisprudence in order to reach that anomalous result.

Here, the affidavits submitted by Donoval made a prima facie showing that public records which should have been in the possession of Sun Valley were not produced upon his request. He thus met the initial burden to show that "it appears that certain public records are being improperly withheld from a member of the public," but Sun Valley was not required to make any showing through admissible evidence disproving his claims. No representative of Sun Valley has gone on the record under oath, on penalty of perjury, to either deny any of Donoval's assertions about the missing yellow sheets or to explain why they cannot be provided. Indeed, even Sun Valley's unsworn pleadings never actually denied that the missing yellow sheets had once existed, never described the extent of the search that it conducted to find them, and never explained why they were not produced or could not be produced. Also significantly, Donoval never had an opportunity to cross-examine Sun Valley representatives on these points.

According to the majority, the district court was authorized to simply reject Donoval's evidentiary showing that the requested records were not produced by accepting as true the unverified allegations of the defendants and apparently dismissing, as untrue, several affidavits filed by Donoval. I disagree. Nothing in the first sentence of I.C. § 9-344(1) purports to authorize a court to resolve material, disputed factual issues without supporting evidence. The second sentence of that subsection authorizes the court to "decide the case after examining the pleadings filed by the parties and such oral arguments and additional evidence as the court may allow." In my view, that sentence authorizes the court to limit the types or quantity or scope of evidence that will be considered (so long as the court does not abuse its discretion in imposing such limitations); it does not purport to authorize the court to make factual finding unsupported by any evidence. A court might, for example, render a decision without evidence or a show-cause hearing where the issues framed by the pleadings require the court only to resolve an issue of law, such as whether the agency is improperly claiming that the records are exempt from disclosure pursuant to I.C. §§ 9-340A through 9-340H.[5] Although this second sentence in Section 9-344(1) may suggest a simple procedure to resolve a case where only legal issues are

---

[5]     A court might also permissibly dismiss an action without receiving evidence where the complaint itself disclosed that plaintiff's claims were fanciful or based purely on speculation that some unproduced records might exist. Such is not the case here, however, where Donoval's factual contentions were supported by affidavits of former Sun Valley officials.

19

presented, it specifies no procedure for resolution of factual disputes. Rather, the procedure to address issues of fact is a show-cause hearing, as stated in the immediately preceding sentence.

The majority's interpretation, allowing factual issues, not just legal issues, to be resolved without evidence not only misconstrues Section 9-344(1), but also runs afoul of both the Idaho Rules of Evidence and the Idaho Rules of Civil Procedure. The rules of evidence are applicable to the proceedings in this case, as I.R.E. 101(b) provides:

> These rules govern *all actions, cases and proceedings in the courts of the State of Idaho* and all actions, cases and proceedings to which rules of evidence are applicable, except as hereinafter provided.

(emphasis added). The list of enumerated exceptions does not include actions brought under I.C. § 9-343.[6] The evidence rules, as well as civil procedure rules, prohibit reliance on unsworn testimony. Idaho Rule of Evidence 603 specifies, "Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the conscience of the witness and impress upon the mind of the witness of the duty to do so." Likewise, Idaho Rule of Civil Procedure 43(e), which provides the general rule for adjudicating facts on a motion, requires that the court resolve factual disputes based upon sworn evidence:

> When a motion is based on facts not appearing of record[7] the court may hear the matter on *affidavits* presented by the respective parties, but the court may direct that the matter be heard wholly or partly on *oral testimony* or *depositions*.

(emphasis added).

---

[6] Even if the legislature intended by the provisions of I.C. § 9-344(1) to allow judicial findings without basis in any admissible evidence, such an attempt would be invalid, for Idaho Rule of Evidence 1102 specifies:

> Statutory provisions and rules governing the admissibility of evidence, to the extent they are evidentiary and to the extent that they are in conflict with applicable rules of Idaho Rules of Evidence, are of no force or effect.

*Montgomery v. Montgomery*, 147 Idaho 1, 9, 205 P.3d 650, 658 (2009) (applying I.R.E. 803(3) in lieu of a statute governing admission); *State v. Martinez*, 125 Idaho 445, 450, 872 P.2d 708, 713 (1994) (holding that "Rule 601 of the Idaho Rules of Evidence repealed I.C. § 19-3002" for the purposes of determining whether a spouse is competent to testify).

[7] Facts "appearing of record" should not be read expansively to include any factual averment that appears in the record. It refers only to facts that can be determined from the face of the record such whether a document appears in the record, the time at which a document was filed, or the content of a particular order.

Here, the district court's analysis shows that it recognized that the case could not be adjudicated absent findings of fact, and the court thereupon made such findings--that Sun Valley had not denied Donoval's record requests and that Sun Valley had produced all the records in its possession requested by Donoval. It seems self-evident that a court cannot determine whether any records were improperly withheld if the court has no evidence showing why the alleged records were not produced. Nevertheless, the district court here made such a finding and did so without *any* supporting evidence. The court thereby violated the foregoing rules. It also allowed Sun Valley to escape its obligation to show why it should not be required to produce the missing records. In my view, upon Donoval's showing that requested records had not been disclosed, the district court erred by failing to issue an order requiring Sun Valley to show cause why production should not be ordered, as required by I.C. § 9-344(1).

The district court may also have failed to recognize that a public agency's obligation to produce public records extends not only to the records within the immediate possession of the agency, but also to public records housed elsewhere to which the agency has access. In *Idaho Conservation League, Inc. v. Idaho State Dep't of Agriculture*, 143 Idaho 366, 146 P.3d 632 (2006), the Idaho Supreme Court held that Department of Agriculture was required to disclose nutrition management plans for beef cattle feedlot facilities that had been approved by the Department even though all copies of the plans had been returned to the feedlot operators with a proviso that the plans were to be available to the Department upon request. The Court said that a document need not be retained by an agency to qualify as a public record. Thus, Sun Valley's obligation to respond to Donoval's records request was not necessarily satisfied merely by producing those records within Sun Valley's immediate possession if it had a right of access to records that may have been removed to another location.

The majority recognizes that the applicable standard of review requires that we examine the trial court's findings to determine whether they are based upon substantial and competent evidence and that we exercise free review over questions of law, *Wade*, 156 Idaho at 96, 320 P.3d at 1255, but the majority does not apply that standard and, instead, affirms findings that are based on no evidence at all.

The requirement that the court consider only sworn testimony is not arcane or quibbling. Rather, it is amongst the first principles of American jurisprudence. The swearing of oaths before testifying, as an indication of reliability, has been a feature of our jurisprudential tradition

since before the founding.  *See, e.g.*, 4 WILLIAM BLACKSTONE, COMMENTARIES *352-54 (1769) (discussing the import of sworn testimony); *see also* 3 JOSEPH STORY, COMMENTARIES ON THE CONSTITUTION § 1785 *313-14 (1833) (arguing that unless witnesses are sworn and the rules of evidence applied, courts are little more than "solemn pageantry").  That tradition is unambiguously carried forward in our court rules, including I.R.E. 603, I.R.C.P. 43(e), and I.R.C.P. 56.

For these reasons, I would hold that the district court erred by making findings of fact having no support in any evidence.  Because I cannot adopt the majority's view, which implicitly construes I.C. § 9-344 to authorize that practice, I respectfully dissent.  In my view, the district court's judgment should be reversed and the case remanded for further proceedings, including a show-cause order as mandated by I.C. § 9-344(1).[8]

---

[8]     My opinion should not be interpreted as expressing a view that Donoval was blameless in the proceedings that led to the dismissal of his complaint.  His initial complaint is a rambling eighteen-page document to which is attached nearly 200 pages of exhibits.  His amended complaint runs twenty-eight pages.  They both recite, in minute detail, virtually every communication between Donoval and the defendants concerning his document request and, as noted by the majority, ask the court to issue a variety of orders that are not authorized by Idaho law, including an order compelling the county prosecutor to conduct a felony investigation of various Sun Valley officials or former officials.  As also noted by the majority, notwithstanding all its length and breadth, the amended complaint did not even expressly request the only relief authorized for a public agency's violation of the public record laws, an order to compel Sun Valley to produce the allegedly missing records for Donoval's inspection.  *See* I.C. § 9-343.  Nor did Donoval's complaints ever expressly reference or request a show-cause order as authorized by I.C. § 9-344(1).  It is only because the district court generously (but reasonably) construed Donoval's amended complaint requesting an order compelling production of the records that I find any merit in Donoval's appeal.  Had the district court refused that generous construction and simply held that Donoval had not requested any relief authorized by statute, which also would have been a reasonable construction of his amended complaint, I would have been hard-pressed to disagree.  Like his complaint and amended complaint, many of Donoval's other filings buried the district court under a mountain of repetitious recitals of Donoval's communications with the defendants, his complaints about the conduct of present and past Sun Valley personnel, and allegations of criminal conduct.  Given the voluminous and unfocused nature of Donoval's pleadings and other documents filed with the court, it is perhaps understandable that the district court lost its way.